990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORP., Raymond Carey., Plaintiff-Appellee,
v.
Leif D. SODERLING, et al., Defendants-Appellants.
 No. 91-15830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1993.*
Decided March 23, 1993.
 
 Before FLETCHER, REINHARDT and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leif, Jay, Sydney, and Evelyn Soderling, as well as several businesses and trusts collectively called the Soderling Interests, including Snode Construction, Inc., appeal two interlocutory orders of the district court, rendered on April 22, 1991 and May 6, 1991, respectively. We dismiss the appeal of the May 6 order because we lack jurisdiction, and we dismiss the appeal of the April 22 order in part because we lack jurisdiction, and in part because this court has already decided the issues raised in the appeal.
 
 
 3
 The FDIC filed a motion for partial dismissal, alleging that Snode Construction is not a proper party to this appeal and that the May 6 order is not an appealable interlocutory order. Now that we dismiss this appeal in toto, the FDIC's motion is moot. In addition, the trustee in the related bankruptcy proceeding has petitioned this court to stay the briefing schedule of this appeal. This petition is also mooted by our dismissal of the appeal.
 
 FACTS AND PROCEEDINGS
 
 4
 In 1987, Leif and Jay Soderling pled guilty to bank fraud based upon their conduct as officers and directors of Golden Pacific Savings. In addition to a prison term, the district court sentenced the Soderlings to pay more than $6 million in restitution to the FSLIC, the predecessor of the FDIC. In 1988, the FSLIC filed a civil action against all the Soderlings based upon the mismanagement of the savings and loan.
 
 
 5
 After the Soderlings were paroled the FDIC presented evidence that they had secretly disposed of over $3 million in assets in violation of the restitution order. The district court issued a TRO in September 1988, which prohibited the Soderlings from selling or dealing with their assets. The court continued the TRO until March 1990 when it granted the FDIC preliminary injunctions which prohibited the Soderlings from disposing of assets without court approval. The court also appointed a receiver to manage the Soderling Interests.
 
 
 6
 The Soderlings have filed at least twenty notices of appeal in the civil case which forms the basis of this appeal (district court docket number CV 88-0401), and have filed numerous appeals in related civil and criminal cases. On April 3, 1991, a motions panel of this court dismissed most of their appeals, consolidated all cases which were appealable and issued a pre-filing review order. Eventually, in case nos. 90-15442 and 90-16312, we rejected Leif, Jay, Sydney, and Evelyn Soderling's challenge to the original injunction and receivership order. United States v. Soderling, No. 90-15442 (9th Cir. Oct. 18), cert. denied, 112 S.Ct. 421 (1991);; FSLIC v. Soderling, No. 90-16312 (9th Cir. Oct. 17, 1991). The Soderling Interests were not a party to appeal no. 90-15442.
 
 
 7
 On April 22, 1991, before this court could rule on the injunction and the receivership order, the district court rejected the Soderlings' motion styled a Request to Vacate, or in the Alternative, Modify the Orders Re Preliminary Injunction and Appointment of Receiver. The Soderlings made their motion shortly after the pre-filing review order but before we could rule on the merits of the consolidated appeals. Apparently the Soderlings filed this repetitive motion in the hopes of obtaining jurisdiction in the circuit court under 28 U.S.C. § 1292(a)(2).
 
 
 8
 On April 8, 1991, the receiver petitioned the district court for a clarification of the receivership order when it appeared that the Soderlings were not cooperating with him. On May 6, 1991, the court issued an order clarifying the terms of the March receivership orders. The Soderlings filed a single notice of appeal covering both orders.
 
 ANALYSIS
 
 9
 May 6 Order: We do not have jurisdiction over the appeal of the May 6 order because it is not a final order, nor is it an appealable interlocutory order under 28 U.S.C. § 1292(a)(2). Section 1292(a)(2) permits appeals from interlocutory orders "appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property."
 
 
 10
 The receiver was forced to petition the court to clarify the terms of the receivership because the Soderlings had taken the position that they did not need to inform the receiver of transactions involving the receivership assets until after the transaction was completed. In its order the district court simply quoted the language of the original March orders regarding reporting requirements and held that the Soderlings' position was inconsistent with that language. Because the court did not change any aspect of the receivership, the May order cannot be construed as an appealable interlocutory order under 28 U.S.C. § 1292(a)(2).
 
 
 11
 April 22 Order: Our prior decisions in case nos. 90-15442 and 90-16312, established the law of this case. Under the law of the case doctrine we must follow these prior decisions in any subsequent proceedings in this case. Eichman v. Fotomat Corp., 880 F.2d 149, 157 (9th Cir.1989). "The doctrine of law of the case 'encompasses a court's explicit decisions as well as those issues decided by necessary implications.' " Id. (quoting Williamsburg Wax Museum v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C.Cir.1987)).
 
 
 12
 Many of the objections to the receivership in the Soderling Interests' April 22 motion and subsequent appeal are virtually identical to those rejected in case nos. 90-15442 and 90-16312. Other issues raised in this appeal are new ways of challenging the authority of the district court to appoint the receiver, but the law of this case conclusively establishes the district court's authority.
 
 
 13
 Some of the Soderlings' other objections have been dismissed previously for lack of jurisdiction. See Order of April 3, 1991 at 9 (dismissing an appeal of a motion to force the FDIC to bear the costs of the receivership); Order of September 19, 1991 (dismissing an appeal of a motion for recusal). We dismiss them as well. The last issue raised in this appeal, a challenge to the sufficiency of the FDIC's complaint, has nothing to do with the receivership and is not an appealable interlocutory order.
 
 
 14
 We DISMISS the appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3